A. P. DeSANNO & SON, INC., Appellant,

v.

Mary Grace BROWN et al., Appellees.

A. P. DeSANNO & SON, INC., Appellant,

v.

Donna Elaine WOOSTER et al., Appellees.

Nos. 16918, 61919.

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 11, 1962.

Decided Jan. 10, 1963.

Mr. John P. Arness, Washington, D. C., with whom Messrs. Frank F. Rober-

son and E. Barrett Prettyman, Jr., Washington, D. C., were on the brief, for appellant.

Mr. Cyrus A. Ansary, Washington, D. C., for appellee Mary Grace Brown and certain other appellees.

Mr. John J. Beatty, III, Washington, D. C., for appellee W. T. Weaver & Sons, Inc.

Before BAZELON, Chief Judge, and EDGERTON and BASTIAN, Circuit Judges.

PER CURIAM.

The District Court sustained service of process in suits for damages for personal injury arising from breach of warranty and negligence. The court, in its orders overruling defendant-appellant's motions to quash service of process, certified in accordance with 28 U.S.C. § 1292(b) (1958) that the orders "[involve] a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order[s] may materially advance the ultimate termination of this litigation." This court granted leave to appeal from the interlocutory orders denying the motions to quash service of process, and consolidated the appeals.

Title 13, § 103, D.C.Code (1961) provides in pertinent part as follows:

"When a foreign corporation shall transact business in the District without having any place of business or resident agent therein, service upon any officer or agent or employee of such corporation in the District shall be effectual as to suits growing out of contracts entered into or to be performed, in whole or in part, in the District of Columbia or growing out of any tort committed in the said District."

Our examination of the record convinces us that the person on whom process was served was not an "officer or agent or employee" of the appellant corporation but was the president of a Maryland corporation which did business in the District of Columbia as an "inde-

pendent manufacturers' representative," who, without obligation and as an accommodation to one of his suppliers, in this one instance had made certain inquiries and delivered certain forms.

We need not consider whether the corporation was doing business in the District.

It follows that the orders of the District Court must be and hereby are

Reversed.